ELIZABETH HELM, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff recovered judgment in a personal injury action against one King, defendant's insured, and brings this action to recover from defendant the amount remaining unpaid thereon after exhaustion of proceeds of all other applicable insurance. Two causes

of action are alleged in the complaint: the first being based upon the "Use of Other Private Passenger Automobiles" provisions of the liability policy issued by defendant to said King, and the second being based upon the defendant's breach of an alleged agreement between plaintiff and defendant whereby defendant agreed to pay the balance of any judgment recovered by plaintiff against King and remaining unpaid after the application of the proceeds of other insurance. The answer sets up an affirmative defense to plaintiff's first cause of action, alleging that at the time of the accident King was driving an automobile owned by one Shea; that King and Shea were then "members of the same household"; and that therefore there was no coverage to the said King under the terms of defendant's policy. The answer denies generally the allegations of the second cause of action. In our view, the evidence adduced upon the trial presented a question for the jury as to whether King and Shea were members of the same household or were members of separate households, but was wholly insufficient to warrant submission to the jury of the question of defendant's liability under the second cause of action. The issues, however, were submitted to the jury for general verdict rather than for separate verdicts on each cause of action. This was error. The rule is that where a verdict for the plaintiff may have been based upon either one of two grounds, one of which should not have been submitted, the verdict cannot be upheld, since it cannot be determined upon which of the two grounds the jury based its verdict. (*Baldwin* v. *Burrows*, 47 N. Y. 199.) All concur. (The judgment is for plaintiff in an action under an indemnity insurance policy.) Present — Taylor, P. J., McCurn, Larkin, Love and Kimball, JJ.